**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, South Central District,
Compton, No. TC 027104

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENITA BELL,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>BAYVIEW LOAN SERVICING, LLC et al.,<br><br>　　　　　Defendants. | Case No. 2:13-cv-2238-ODW(MRWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

　　　　On March 28, 2013, Defendant First Tennessee Bank National Association filed a Notice of Removal. But after considering the papers filed with the Notice, the Court determines that First Tennessee Bank has failed to satisfy its burden of establishing either federal-question or diversity jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

　　　　Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions presenting a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal jurisdiction

must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

### A.    Federal-question jurisdiction

In determining whether federal-question jurisdiction exists, a court follows the "well-pleaded complaint rule," that is, a federal question must exist on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid removal by relying exclusively on state law. *Id.*

First Tennessee Bank argues that Bell's Complaint arises under federal law because Bell "accuses First Tennessee of violating 'truth in lending' laws." (Not. of Removal ¶ 15.) First Tennessee Bank points to paragraph 27 of Bell's Complaint, which is under Bell's first cause of action for declaratory relief. Bell alleges that the "specific controversy is the lender's violation of truth in lending laws." (Compl. ¶ 27.)

But nowhere in Bell's Complaint does she actually allege a violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601–1667f. Bell does not mention the Act's formal name or its statutory citation. Instead, all eleven of her causes of action sound in state rather than federal law. And to the extent that federal law could be relevant to Bell's first cause of action for declaratory relief, the United States Supreme Court has held that arising-under jurisdiction does not exist when a federal question is presented by a complaint for a state declaratory judgment. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983).

### B.    Diversity jurisdiction

To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

First Tennessee Bank alleges that it is a citizen of Tennessee because it "is a national banking association with its main office in the state of Tennessee." (Not. of Removal ¶ 6.) But a national banking association is deemed to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business. *Am. Sur. Co. V. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011). The Court acknowledges, but finds unpersuasive, other courts' interpretation of *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011). First Tennessee Bank failed to state that it does not have its principal place of business in California.

And as for Defendants Bayview Loan Servicing, LLC and Lake Havasu Assets, LLC, First Tennessee Bank alleges that they are not California citizens, because they both have their principal places of business outside the state. (*Id.* ¶¶ 7–8.) But limited-liability companies are deemed citizens of each state of which their members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). First Tennessee does not allege the citizenship of each of these companies' members and thus has not established that they are completely diverse from Bell.

Accordingly, the Court finds that First Tennessee Bank failed to establish either federal-question or diversity jurisdiction. The Court thus **REMANDS** this case to Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 8, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**